UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 08-26 S |
| | : | |
| WILLIAM CRUZ | : | |

**ORDER**
**RE MOTIONS**
**HEARD JULY 25, 2008**

Before the Court are five motions filed by the Defendant:

1. Motion for Exculpatory Evidence with Incorporated Memorandum of Law (Doc. #15) ("First Motion");

2. Motion for Disclosure of Evidence of Other Crimes, Wrongs, Acts or Specific Instances of Misconduct (Doc. #16) ("Second Motion");

3. Motion to Preserve Rough Notes and Writings (Doc. #17) ("Third Motion");

4. Motion for Production of Jencks Act Material Before Trial (Doc. #18) ("Fourth Motion"); and

5. Motion for Exculpatory Evidence with Incorporated Memorandum of Law (Doc. #20) ("Fifth Motion").

A hearing was held on July 25, 2008. **The Court ruled the First Motion listed above moot because it was identical to the Fifth Motion. The Second, Third, and Fourth Motions were passed at the request of Defendant's counsel.**

As to the Fifth Motion, Defendant's counsel stated that there were only a few matters that the Court needed to address. The Court listened to argument regarding those matters,[1] and made the following rulings.

---

[1] The only matters identified by Defendant's counsel as requiring a ruling from the Court are the two addressed in paragraphs A and B on pages 2-3 of this Order.

A. To the extent that the Fifth Motion, as orally modified by Defendant's counsel at the hearing, seeks to have the Government make written inquiry of the police as to whether any of the officers involved in this case have been disciplined, see Motion at 5-6 (Request No. 5), the Motion is granted to the extent that the Government's letter to the police shall request that the officers' personnel files be reviewed for any matter that reflects adversely on the officers' honesty or integrity. If such matters are identified by the police, the Government shall provide this information to Defendant's counsel. Matters for which an officer may have been disciplined but which do not reflect adversely on his/her honesty or integrity (e.g., having a dirty uniform) are not within the scope of this order. To the extent that the Fifth Motion, as orally modified by counsel, seeks that the Government's letter contain a broader request, the motion is denied.

B. To the extent that the Fifth Motion, as orally modified by Defendant's counsel at the hearing, seeks to require the Government to ask the police for the name of the confidential informant referenced in the affidavit filed in support of the search warrant application, the motion is denied. After reviewing the affidavit, the Court is unpersuaded that the fact Defendant is referred to as "William Cruz" in the affidavit and not by his nickname of "Chulo" indicates that the informant may not exist. The affidavit does not quote the informant. More importantly, there was a substantial gap between the informant providing the information to the police and the preparation of the affidavit. At the point the affidavit was prepared, the affiant in his own mind could reasonably have come to think of Defendant as "William Cruz" and identified him by such name in the affidavit even if the informant had originally referred to Defendant as "Chulo." This is particularly true given that the

affidavit contains information about Defendant's prior criminal convictions, and the records containing this information would likely have identified him as William Cruz.

In addition, this is a Motion for Exculpatory Evidence, and evidence which calls into question the legality of a search is not necessarily exculpatory, see Goins v. Angelone, 52 F.Supp.2d 638, 679 n.33 (E.D. Va. 1999)("Evidence of an illegal search does not per se tend to exculpate a defendant."). Furthermore, it appears to the Court that even if the informant's information is eliminated from the affidavit, probable cause for issuance of the search warrant may still exist.

Lastly, as the number of persons knowing the identity of an informant increases, the risk to the informant increases. While disclosure of the informant's name to the assistant U.S. Attorney would not appear to significantly increase the danger to the informant, the Court recognizes that disclosure of informants' identities tends to deter other potential informants from providing information for fear that their names will also be disclosed to others beyond the person or persons to whom they directly provided the information. The task of law enforcement will, thus, be made more difficult. There may be circumstances where the Court would grant a request like the one made by Defendant's counsel, but the circumstances here do not justify it.

**Accordingly, to the extent the Fifth Motion, as orally modified by Defendant's counsel at the July 25, 2008, hearing, is not granted as stated above, the Motion is denied.**

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 28, 2008